Joseph J. Saltarelli
Jacob F.M. Oslick
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
(212) 309-1000



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

COASTAL SHEET METAL CORP.,

                Plaintiff,

- against -

WACHOVIA BANK NA,

                Defendant.

-----------------------------------------------------------X

07 CIV 6898

Civil Action No.

**NOTICE OF REMOVAL**

TO:   **UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Wachovia Bank National Association ("Wachovia"), by and through its undersigned attorneys, submits this Notice of Removal and states as follows:

1.    The above-captioned action was commenced on June 1, 2007, by plaintiff Coastal Sheet Metal ("CSM") against Wachovia in the Supreme Court of the State of New York, New York County, bearing Index No. 07/601834, and is now pending.

2.    The United States District Court for the Southern District of New York embraces the place where the above-captioned action is pending.

3. On or about July 2, 2007, a copy of the Summons and Complaint was served upon Wachovia, by personal delivery to Wachovia's office in New York, New York.

4. Upon information and belief, no other parties have been joined and served as defendants in the above-captioned action.

5. A copy of the Summons and Complaint is annexed hereto as Exhibit A, and constitutes all process, pleadings, and orders served upon Wachovia in the state court action.

6. The above-captioned action is a civil action alleging conversion and breach of contract against Wachovia and seeking damages in the amount of $336,664.04 plus interest, attorneys' fees and the disbursements and cost of the action.

7. According to the Complaint, CSM is a corporation incorporated under the laws of the State of New York with its principal place of business at 1125 Close Avenue, Bronx, New York.

8. The Complaint identifies Wachovia as a "foreign authorized corporation, authorized to do business within the State of New York." Complaint ¶ 2. Wachovia is a national banking association with its designated main office and principal place of business in Charlotte, North Carolina.

9. Insofar as the parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, this Court would have original subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332, if the action had been brought in federal court. Removal of the action to this Court, therefore, is proper under 28 U.S.C. § 1441(a).

10. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the Summons and Complaint was served upon Wachovia not earlier than July 2, 2007.

11. Insofar as Wachovia is the sole defendant named herein, no consent from any co-defendant is required.

12. Written notice of filing of this Notice of Removal will be given to Plaintiff, and a copy will be filed in the appropriate State court, as required by 28 U.S.C. § 1446(d).

Dated: New York, New York
       July 31, 2007

                              Respectfully Submitted,

                              HUNTON & WILLIAMS LLP

                              By: _____
                              Joseph J. Saltarelli
                              Jacob F.M. Oslick
                              200 Park Avenue
                              New York, New York 10166
                              (212) 309-1000

                              Attorneys for Defendant
                              Wachovia Bank National Association

*<u>Exhibit A</u>*



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK.
------------------------------------------x

COASTAL SHEET METAL CORP.,

                              Plaintiff,        Index No.:

    -against-                                           **SUMMONS**

WACHOVIA BANK NA

                              Defendants.

------------------------------------------x      0 7601834

To the Above Named Defendants:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons was served by any other means than personal delivery to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default.

Dated: June 1, 2007
       New York, New York

                                          SULLIVAN GARDNER PC

                                          STEVEN R. MONTGOMERY
                                          Attorneys for Plaintiff
                                          475 Park Avenue South, 30th Floor
                                          New York, New York 10016
                                          (212) 687-5900

TO:

Wachovia Bank NA
Rockefeller Plaza Financial Center
49 Rockefeller Plaza
New York, New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK.
------------------------------------x

COASTAL SHEET METAL CORP.,

                              Plaintiff,              Index No.:

       -against-                               **VERIFIED**
                                                      **COMPLAINT**

WACHOVIA BANK NA

                              Defendants.
------------------------------------x

The Plaintiff, complaining of the Defendant, by SULLIVAN GARDNER, P.C., its attorneys, alleges as follows:

### PARTIES

1.    At all times hereinafter mentioned, Plaintiff, COASTAL SHEET METAL CORP. ("Coastal"), was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York with offices at 1125 Close Avenue, Bronx, New York.

2.    Upon information and belief, at all times hereinafter mentioned, the Defendant, WACHOVIA BANK NA ("Wachovia") was and still is a foreign authorized corporation, authorized to do business within the State of New York.

### FACTS

3.    On or about December 2000, an account was opened with First Union National Bank, which was subsequently purchased by Wachovia, under the name "Coastal Sun Metal"

2

with an account number of 2000008759474 (the "Wachovia Account"). Beginning in February 2001 through December 2002, three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) was deposited into that account. The last withdrawal made from this account was on or about January 20, 2003. The funds deposited into this account were on twenty seven (27) checks listing Plaintiff as the payee. Each of these checks were taken without authorization from Plaintiff's place of business or delivered to a representative of Plaintiff and diverted thereafter. None of the checks deposited into this account bear the name on the account, Coastal Sun Metal, as payee. Further, none of the endorsements on the checks are in the name of the payee. The Wachovia Account was opened by a former employee of Plaintiff for the purpose of diverting funds away from plaintiff. Despite the fact that the payee on all of the checks drafted to this account did not match the name on the account, Defendant collected the requested funds and, at various times thereafter, released all such funds to Plaintiff's former employee, Harry Vassallo.

## AS AND FOR A FIRST CAUSE OF ACTION

4.  Plaintiff repeats and realleges paragraphs "1" through "3", inclusive, as if fully set forth herein.

5.  Defendant accepted and collected funds on twenty seven (27) separate checks deposited into the Wachovia Account. On none of those checks did the listed payee match the name on the Wachovia Account, Coastal Sun Metals. On none of the checks did the endorsement match the payee. All of the funds deposited into the Wachovia Account were the property of Plaintiff and Defendant improperly collected and thereafter released those funds.

3

6. Pursuant to NY CLS UCC § 3-419, Defendant wrongfully converted Plaintiff's funds and breached its contract with Plaintiff. As a result of this conduct, Plaintiff suffered damages in the amount of three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) plus interest. As such, the Plaintiff is entitled to judgment directing the Defendant to pay the Plaintiff an amount not less than three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) with interest and reasonable attorneys' fees and disbursements and cost of the action, as well as any other appropriate remedy under the New York Uniform Commercial Code, including, but not limited to, § 3-419.

## AS AND FOR A SECOND CAUSE OF ACTION

7. Plaintiff repeats and realleges paragraphs "1" through "6", inclusive, as if fully set forth herein.

8. Defendant wrongfully breached its contract with Plaintiff. As a result of this conduct, Plaintiff suffered damages in the amount of three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) plus interest. As such, the Plaintiff is entitled to judgment directing the Defendant to pay the Plaintiff an amount not less than three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) with interest and reasonable attorneys' fees and disbursements and cost of the action.

**WHEREFORE** Plaintiff demands judgment:

i.  In a sum not less than three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) plus interest, together with the costs of this action and attorney fees, against Defendant WACHOVIA BANK NA on its first cause of action;

ii. In a sum not less than three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) plus interest, together with the costs of this action and attorney fees, against Defendant WACHOVIA BANK NA on its second cause of action;

iii. Ordering such further relief as the Court deems just.

Dated: June 1, 2007
New York, New York

SULLIVAN GARDNER, PC

BY: _____
STEVEN R. MONTGOMERY
475 Park Avenue So., 30th Floor
New York, New York 10016
(212) 687-5900

## Attorney Verification

Steven R. Montgomery, states the following to be true under the penalties of perjury:

1. I am counsel to Plaintiff. I am a member of the Bar of this Court and am familiar with the facts and proceedings in this lawsuit as they pertain to this Complaint.

2. I have read the foregoing Complaint of Plaintiff and believe its contents to be true.

3. The reason this verification is made by counsel is that our client has its offices outside of the County of New York, where counsel maintains its offices.

4. I base this verification on my review of the pleading and other documents and conversations with certain persons related to Plaintiff.

Dated: June 1, 2007
      New York, New York

                                        SULLIVAN GARDNER PC

                                        Steven R. Montgomery
                                        Attorneys for Plaintiff
                                        475 Park Avenue South, 30th Floor
                                        New York, New York 10016
                                        (212) 687-5900