Joseph J. Saltarelli
Jacob F.M. Oslick
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York  10166
(212) 309-1000

Attorneys for Wachovia Bank, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COASTAL SHEET METAL CORP.,

        Plaintiff,

   - against -           07-CV-6898-LAP

WACHOVIA BANK, N.A.,

        Defendant.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant Wachovia Bank, N.A. ("Wachovia"), respectfully submits this Memorandum of Law in support of its motion to dismiss the Verified Complaint ("Complaint") of Plaintiff Coastal Sheet Metal Corp. ("Coastal"), pursuant to Fed. R. Civ. P. 12(b)(6).

### STATEMENT OF FACTS

On or about February 16, 2001, an account under the name "Coastal Sun Metals, Inc." ("Coastal Sun Metals Account") was opened at a Dumont, New Jersey branch of First Union National Bank (a bank subsequently acquired by Wachovia). *See* Affidavit of Timothy O. Merck, sworn to September 21, 2007 ("Merck Aff."), Exs. A, B; *see also* Complaint ¶ 3 (noting that Wachovia acquired First Union National Bank).

Between February 2001 and December 2002, 25 checks were deposited into the Coastal Sun Metals Account. Complaint ¶ 3; Merck Aff. Ex. A. At least 20 of the checks list payees such as "Coastal Sheet Metal," "CSM," "C.S.M." or "CMS." See Complaint ¶ 3; Merck Aff. Ex. C.[1]

Coastal alleges that the checks were stolen by one of its employees, Harry Vassallo, and wrongfully deposited into the Coastal Sun Metals Account without its authorization. Complaint ¶ 3.

Eight of the 25 checks were deposited before June 1, 2001 (i.e., more than six years before this action was commenced) ("Pre-June 2001 Checks"). See Merck Aff. Ex. A.

Of the 17 deposits post-dating June 1, 2001 ("Post-June 2001 Checks"), 11 have documentation on the face of their deposit slips indicating that they were deposited at Wachovia Branch #95743, located in Dumont, New Jersey. See Merck Aff. Ex. C, E.[2] Although not plainly evident from the face of their deposit slips, the remaining six checks were also deposited in New Jersey, based on the electronic journals of this branch's bank tellers. See Merck Aff. Exs. F, G.

By April 7, 2003, all funds in the Coastal Sun Metals Account had been withdrawn. Merck Aff. Ex. A. The Complaint alleges that these funds were released to Vassallo. Complaint

---

[1] The Complaint alleges that 27 checks were deposited, totaling $336,664.04. Wachovia's records, however, reveal only 25 deposited checks, totaling $336,664.50. See Merck Aff. Ex. A. Wachovia has been able to locate copies of 20 of the checks, which are included as exhibits to the Merck Aff. See Merck Aff. Ex. D, E, F. The remaining five checks were all deposited prior to June 1, 2001. See Merck Aff. ¶ 10 & Ex. A.

[2] It is well-settled that on a motion to dismiss the Court "may consider any documents that are attached to, referenced in, or integral to the preparation of the pleadings." Miller v. Lazard, Ltd., 473 F. Supp. 2d 571, 578 (S.D.N.Y. 2007). Here, the Coastal Sun Metals Account, and the checks deposited into it, are referenced by and integral to the Complaint. Therefore, the Court may and should consider the checks, and the Coastal Sun Metals Account bank records, without converting Wachovia's motion into one for summary judgment.

¶ 3. Throughout the entire time the Coastal Sun Metals Account was active, it was serviced and maintained at Branch #95743, in Dumont, New Jersey. *See* Merck Aff. Exs. B, C, E, F.[3]

Coastal's First Cause Of Action alleges that, by cashing the checks deposited into the Coastal Sun Metals Account, Wachovia wrongfully converted Coastal's funds. Complaint ¶ 6 (seeking damages under N.Y. U.C.C. § 3-419). But the Complaint sidesteps the fact that, at least with respect to all Post-June 2001 Checks, any alleged conversion occurred, if at all, in New Jersey -- the state where the checks were allegedly wrongfully deposited using false endorsements (and thereby allegedly converted), and the state where the Coastal Sun Metals Account was opened, serviced and maintained. Thus, the law of New Jersey, not New York, applies. And, despite being based on allegations pertaining to events that occurred more than four years ago, the Complaint pleads no facts to overcome New Jersey's three-year statute of limitation for conversion, which bars its claim. *See* N.J. N.J.S.A. § 12A:3-118(g). New York's statute of limitation for conversion is also three years. *See* N.Y. C.P.L.R. § 214.

The Second Cause Of Action alleges that Wachovia somehow breached a "contract" with Coastal. Complaint ¶ 8. The Complaint alleges no facts indicating that Wachovia had any kind of "contract" or contractual relationship with Coastal, and New Jersey law recognizes no such claim in these circumstances. And even assuming *some* of the Pre-June 2001 Checks were deposited in New York (although there is no reason to believe they were), any contract claim with respect to them would be time-barred because Coastal did not commence its action until June 1, 2007, more than six years later. *See* N.Y. C.P.L.R. § 213.

As a matter of law, therefore, the Complaint should be dismissed in its entirety.

---

[3] Portions of certain account numbers have been redacted in an effort to comply with E-Government Act of 2002. *See* U.S. S.D.N.Y. Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files.

## STANDARD OF REVIEW

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See Miller v. Lazard, Ltd.*, 473 F.Supp.2d 571, 578 (S.D.N.Y. 2007). However, a court may consider extrinsic documents that are "integral to the complaint" or "incorporated in it by reference." *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 566 (2d Cir. 2006) ("integral to the complaint"); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("incorporated in it by reference"). This rule "prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting." *Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (finding that the district court overstepped this rule in considering testimony from an unrelated proceeding).

Considering all that material, the Court must then decide whether the complaint's factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 1968-1969 (2007) (applying Rules 8(a)(2) and 12(b)(6) in the antitrust context and rejecting a literal interpretation of the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)). This means that the complaint must rest on "plausible grounds" indicating "enough fact to raise a reasonable expectation that discovery will reveal evidence of [plaintiff's claims]." *Id.* at 1965; *see also Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007) (holding that *Twombly* applies to all actions, not just those arising in antitrust, and interpreting *Twombly* as "not requiring a universal standard of heightened fact pleading, but [] instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*").

## ARGUMENT

A.  **New Jersey Law Applies.**

When a person fraudulently endorses checks belonging to a resident of one state and deposits them in a bank located in a different state, the law of the state where the deposits are made applies to claims arising out of the deposits. For example, in *Lund's Inc. v. Chemical Bank*, 870 F.2d 840, 845 (2d Cir. 1989), the Second Circuit held that New York law governed when a Minnesota resident (Laidlaw) allegedly fraudulently endorsed checks from a Minnesota company and deposited them in a defendant New York bank because "[t]he alleged conversion in this action took place in New York when Chemical credited Laidlaw's account for the amount of the checks in issue."

Similarly, in *Pereira v. United Jersey Bank, N.A.*, 201 B.R. 644, 668-669 (S.D.N.Y. 1996) (Preska, J.), this Court held that New Jersey law applied to tort claims brought by New York plaintiffs against New Jersey bank defendants in connection with losses sustained due to check kiting fraud committed in New Jersey by third party New Jersey residents.

Here, all of the Post-June 2001 Checks were deposited (and thereby allegedly converted) at New Jersey branches of Wachovia. Thus, Wachovia's alleged conversion of these checks took place in New Jersey, "when [Wachovia] credited [the Coastal Sun Metals Account] for the amount of the checks at issue." *Lund's Inc.*, 870 F.2d at 845. Additionally, not only were these checks deposited in New Jersey, but the Coastal Sun Metals Account was opened, serviced and maintained at a New Jersey branch of Wachovia. Therefore, New Jersey law applies to Coastal's claims against Wachovia.

B. <u>Coastal's Conversion Claim Is Time-Barred.</u>

New Jersey's U.C.C. provides that "[u]nless governed by other law regarding claims for indemnity or contribution, an action *for conversion of an instrument, for money had and received, or like action based on conversion*, for breach of warranty, or to enforce an obligation, duty, or right arising under this chapter and not governed by this section must be commenced within three years after the cause of action accrues." N.J.S.A. § 12A:3-118(g) (emphasis supplied).

In New Jersey, a conversion claim accrues at the time of conversion, not when the victim discovers it. *See New Jersey Lawyers' Fund for Client Protection v. Pace*, 186 N.J. 123, 124-126, 892 A.2d 661, 661-662 (N.J. 2006) (stating that "generally, the statute of limitations on a claim for conversion of negotiable instruments begins to run from the date the instrument was negotiated" and rejecting the "discovery rule" for conversion claims).

Here, Coastal's conversion claim accrued more than four years ago -- when Vassallo allegedly deposited the last of Coastal's checks into the Coastal Sun Metals Account. *See* Complaint ¶ 3. And Coastal asserts no basis, and there is none, for a tolling of the limitations period. Therefore, New Jersey's three-year statute of limitations precludes Coastal's conversion claim as none of the checks allegedly converted were deposited within that time period. N.J.S.A. § 12A:3-118(g).[4]

New York imposes the same three-year year statute of limitations claims on conversation actions as New Jersey. *See* N.Y. C.P.L.R. 214; *Hechter v. New York Life Ins. Co.*, 46 N.Y.2d 34, 38 (N.Y. 1978). And, just like New Jersey, in New York "if the action is one for conversion, the

---

[4] In addition, because New Jersey law applies, these claims should be independently dismissed for failing to cite the applicable New Jersey conversion statute.

time period will run from when that cause of action accrued -- that is, when the conversion occurred." *Sporn v. MCA Records, Inc.*, 58 N.Y.2d 482, 488, 448 N.E.2d 1324, 1327 (N.Y. 1983); *White v. City of Mount Vernon*, 221 A.D.2d 345, 346, 633 N.Y.S.2d 369, 370 (2nd Dep't 1995) ("a cause of action for conversion accrues when the conversion takes place"). Thus, Coastal's conversion claim is plainly time-barred under both New Jersey law, which governs, as well as New York law, as alleged by Coastal.

### C. Coastal Does Not State a Claim For Breach Of Contract Under New Jersey Law and Its Contract Claim Would Be Time-Barred Under New York Law.

The Complaint alleges no facts supporting the existence of a contract between Wachovia and Coastal, or any relationship at all. Under New Jersey law, a breach of contract claim requires that "the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." *See Murphy v. Implicito*, 392 N.J.Super. 245, 265, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007) (characterizing these requirements as plaintiff's burden to "establish" a breach of contract claim).

Under New Jersey law, "[i]t is well settled that to be enforceable a contract must be supported by valuable consideration." *Novack v. Cities Service Oil Co.*, 149 N.J.Super. 542, 549, 374 A.2d 89, 92 (N.J. Sup. Ct. Law Div. 1977). Here, the Complaint does not allege that a contract existed between Coastal and Wachovia, that Wachovia failed to fulfill its obligations under such a contract, or that Coastal suffered damage as a result. Nor does the Complaint allege that the supposed contract was supported by valuable consideration. Wachovia has found no New Jersey authority supporting the existence of a "contract" between a depositing bank that pays out on an allegedly fraudulently endorsed check and that check's rightful payee.

Unlike New Jersey, New York does appear to recognize a sort of "implied" contact in this kind of situation. *See Hechter*, 46 N.Y.2d at 38. In theory, such a claim could be asserted

only with respect to one or more of the Pre-June 2001 Checks because all of the other 17 checks at issue were deposited (and any cause of action with respect to them would have arisen) in New Jersey, not New York.

But New York has a six-year statute of limitations for breach of contract claims. *See* N.Y. C.P.L.R. § 213; *see generally Ely-Cruikshank Co., Inc. v. Bank of Montreal*, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 986 (N.Y. 1993) ("In New York, a breach of contract cause of action accrues at the time of the breach."). Coastal filed its Complaint on June 1, 2007. Even assuming, therefore, that one or more of the Pre-June 2001 Checks had been deposited in New York (and nothing suggests that they were), any breach of contract claim based on those checks would be time-barred because all were indisputably deposited prior to June 1, 2001, more than six years before the action was filed. *See* Merck Aff. ¶ 10 & Ex. A.

## CONCLUSION

For the forgoing reasons, Wachovia respectfully requests that the Complaint be dismissed in its entirety.

Dated: New York, New York
      September 21, 2007

    Respectfully Submitted,

    HUNTON & WILLIAMS LLP

    By: _____
    Joseph J. Saltarelli
    Jacob F.M. Oslick
    200 Park Avenue
    New York, New York 10166
    (212) 309-1000

    Attorneys for Wachovia Bank, N.A.

**DECLARATION OF SERVICE**

Bradford C. Mulder, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

I am the Managing Clerk for the law firm of Hunton & Williams LLP, attorneys for Wachovia Bank, N.A.

That on September 21, 2007, I served a true copy of the attached Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint, on Plaintiff's counsel via the Court's ECF System and via First Class Mail, to the address listed below, by depositing the same in a duly enclosed and sealed wrapper, with the correct postage thereon, in an official letter box duly maintained by the Government of the United States of America within the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 21, 2007.

Bradford C. Mulder

TO:   Brian L. Gardner, Esq.
      Sullivan Chester & Gardner, P.C.
      475 Park Avenue South, 33rd Floor
      New York, New York 10016