# Exhibit A

# To Joseph Saltarelli's Declaration

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK.
-------------------------------------x

COASTAL SHEET METAL CORP.,

                        Plaintiff,      Index No.:

    -against-                   **SUMMONS**

WACHOVIA BANK NA

                        Defendants.

-------------------------------------x

To the Above Named Defendants:       07601834

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons was served by any other means than personal delivery to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default.

Dated: June 1, 2007
       New York, New York

                                     SULLIVAN GARDNER PC

                                     STEVEN R. MONTGOMERY
                                   Attorneys for Plaintiff
                                   475 Park Avenue South, 30th Floor
                                   New York, New York 10016
                                   (212) 687-5900

TO:

Wachovia Bank NA
Rockefeller Plaza Financial Center
49 Rockefeller Plaza
New York, New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK.
------------------------------------x

COASTAL SHEET METAL CORP.,

                            Plaintiff,        Index No.:

      -against-                          **VERIFIED COMPLAINT**

WACHOVIA BANK NA

                            Defendants.

------------------------------------x        7601834

       The Plaintiff, complaining of the Defendant, by SULLIVAN GARDNER, P.C., its attorneys, alleges as follows:

## PARTIES

       1.     At all times hereinafter mentioned, Plaintiff, COASTAL SHEET METAL CORP. ("Coastal"), was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York with offices at 1125 Close Avenue, Bronx, New York.

       2.     Upon information and belief, at all times hereinafter mentioned, the Defendant, WACHOVIA BANK NA ("Wachovia") was and still is a foreign authorized corporation, authorized to do business within the State of New York.

## FACTS

       3.     On or about December 2000, an account was opened with First Union National Bank, which was subsequently purchased by Wachovia, under the name "Coastal Sun Metal"

2

with an account number of 2000008759474 (the "Wachovia Account"). Beginning in February 2001 through December 2002, three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) was deposited into that account. The last withdrawal made from this account was on or about January 20, 2003. The funds deposited into this account were on twenty seven (27) checks listing Plaintiff as the payee. Each of these checks were taken without authorization from Plaintiff's place of business or delivered to a representative of Plaintiff and diverted thereafter. None of the checks deposited into this account bear the name on the account, Coastal Sun Metal, as payee. Further, none of the endorsements on the checks are in the name of the payee. The Wachovia Account was opened by a former employee of Plaintiff for the purpose of diverting funds away from plaintiff. Despite the fact that the payee on all of the checks drafted to this account did not match the name on the account, Defendant collected the requested funds and, at various times thereafter, released all such funds to Plaintiff's former employee, Harry Vassallo.

## AS AND FOR A FIRST CAUSE OF ACTION

4. Plaintiff repeats and realleges paragraphs "1" through "3", inclusive, as if fully set forth herein.

5. Defendant accepted and collected funds on twenty seven (27) separate checks deposited into the Wachovia Account. On none of those checks did the listed payee match the name on the Wachovia Account, Coastal Sun Metals. On none of the checks did the endorsement match the payee. All of the funds deposited into the Wachovia Account were the property of Plaintiff and Defendant improperly collected and thereafter released those funds.

3

6. Pursuant to NY CLS UCC § 3-419, Defendant wrongfully converted Plaintiff's funds and breached its contract with Plaintiff. As a result of this conduct, Plaintiff suffered damages in the amount of three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) plus interest. As such, the Plaintiff is entitled to judgment directing the Defendant to pay the Plaintiff an amount not less than three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) with interest and reasonable attorneys' fees and disbursements and cost of the action, as well as any other appropriate remedy under the New York Uniform Commercial Code, including, but not limited to, § 3-419.

## AS AND FOR A SECOND CAUSE OF ACTION

7. Plaintiff repeats and realleges paragraphs "1" through "6", inclusive, as if fully set forth herein.

8. Defendant wrongfully breached its contract with Plaintiff. As a result of this conduct, Plaintiff suffered damages in the amount of three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) plus interest. As such, the Plaintiff is entitled to judgment directing the Defendant to pay the Plaintiff an amount not less than three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) with interest and reasonable attorneys' fees and disbursements and cost of the action.

**WHEREFORE** Plaintiff demands judgment:

    i.    In a sum not less than three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) plus interest, together with the costs of this action and attorney fees, against Defendant WACHOVIA BANK NA on its first cause of action;

    ii.    In a sum not less than three hundred and thirty six thousand six hundred and sixty four dollars and four cents ($336,664.04) plus interest, together with the costs of this action and attorney fees, against Defendant WACHOVIA BANK NA on its second cause of action;

    iii.    Ordering such further relief as the Court deems just.

Dated: June 1, 2007
       New York, New York

                              SULLIVAN GARDNER, PC

                              BY: _____
                              STEVEN R. MONTGOMERY
                              475 Park Avenue So., 30th Floor
                              New York, New York 10016
                              (212) 687-5900

Supreme Court Records OnLine Library - page 5 of 7

## Attorney Verification

Steven R. Montgomery, states the following to be true under the penalties of perjury:

1. I am counsel to Plaintiff. I am a member of the Bar of this Court and am familiar with the facts and proceedings in this lawsuit as they pertain to this Complaint.

2. I have read the foregoing Complaint of Plaintiff and believe its contents to be true.

3. The reason this verification is made by counsel is that our client has its offices outside of the County of New York, where counsel maintains its offices.

4. I base this verification on my review of the pleading and other documents and conversations with certain persons related to Plaintiff.

Dated: June 1, 2007
New York, New York

SULLIVAN GARDNER PC

_____
Steven R. Montgomery
Attorneys for Plaintiff
475 Park Avenue South, 30th Floor
New York, New York 10016
(212) 687-5900

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

COASTAL SHEET METAL CORP.                                Index No.:

                          Plaintiff,


                          -against-


WACHOVIA BANK NA

                          Defendants.

---

SUMMONS AND VERIFIED COMPLAINT

---

Attorneys for Plaintiff
Sullivan Gardner PC
475 Park Avenue South, 30th Floor
New York, New York 10016
(212) 687-5900

---

To:

Attorney(s) for Defendant

---

Service of a copy of the within                         is hereby admitted.

Dated,

                                    Attorney(s) for Plaintiff

---

Sir: -- Please take notice
__ Notice of Entry
that the within is (certified) true copy of a
duly entered in the office of the clerk of the within named court on          20
__Notice of Settlement
that an order                      of which the within is a true copy will be presented for
settlement to the HON.                                              one of the judges
of the within named court, at
on                   20     at           M.
Dated,

                                                        Yours, etc.