Joseph J. Saltarelli
Jacob F.M. Oslick
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
(212) 309-1000

Attorneys for Wachovia Bank, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
COASTAL SHEET METAL CORP.,                                 :
                                                           :
                              Plaintiff,                   :
                                                           :
           - against -                                     :      07-CV-6898-LAP
                                                           :
WACHOVIA BANK, N.A.,                                       :
                                                           :
                              Defendant.                   :
                                                           :
-----------------------------------------------------------X

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant Wachovia Bank, N.A. ("Wachovia"), respectfully submits this Reply Memorandum of Law in further support of its motion to dismiss the Verified Complaint of Plaintiff Coastal Sheet Metal Corp. ("Coastal"), pursuant to Fed. R. Civ. P. 12(b)(6).

#### UNDISPUTED ISSUES

Coastal's Opposition discontinues its conversion claims. Opp. Br. at 9. And Coastal does not argue tolling of the statute of limitations. Instead, Coastal confines its claims to "checks deposited into the Coastal Sun Metals account within six (6) years of the filing of Plaintiff's action." Opp. at 6. Thus, Coastal concedes that the complaint must be dismissed except as to the $114,621.54 worth of checks post-dating June 1, 2001. *See* Exhibits E and F to the Affidavit of

Timothy O. Merck ("Merck Aff."), sworn to September 21, 2007. Moreover, Coastal does not dispute that the checks at-issue were deposited at a New Jersey branch of Wachovia/First Union, and maintained in a New Jersey bank account. *See* Merck Aff. Exs. B, C, E, F, G.

### NEW JERSEY LAW APPLIES TO PLAINTIFF'S BREACH OF CONTRACT CLAIM

Coastal's sole remaining claim is that, because it elects to sue under an implied contract theory, and not for conversion, New York rather than New Jersey law applies. Coastal is wrong.

N.Y. U.C.C. § 4-102(2) states clearly that:

> The liability of a bank for action or non-action with respect to any item handled by it for purposes of presentment, payment or collection is governed *by the law of the place where the bank is located.* In the case of action or non-action by or at a branch or separate office of a bank, its liability is governed by the law of the place where the branch or separate office is located.

(emphasis supplied).

Accordingly, fraudulent endorsement-related claims against depositing banks for breach of contract, or for money had and received,[1] apply the law of the defendant bank's location. *See Zurich American Ins. Co. v. Dah Sing Bank, Ltd.*, 03-cv-7778, 2004 WL 1328215 at *4-6 (S.D.N.Y. 2004) (finding that California law governed money had and received claims arising from a California bank branch's processing of allegedly stolen checks, and further finding that the Court lacked personal jurisdiction over the Hong Kong depository bank). Indeed,

---

[1] Plaintiff's "breach of contract" claim derives from and functionally equals a common-law action known as "money had and received." *See Hechter v. New York Life Ins. Co*, 46 N.Y.2d 34, 37, 385 N.E.2d 551, 553 (N.Y. 1978) (recognizing the action's origin in claims for "money had and received"); *Lawyers' Fund for Client Protection of State v. Gateway State Bank*, 273 A.D.2d 565, 566, 709 N.Y.S.2d 243, 245 (3d Dep't 2000) (calling the action "breach of contract for money had and received"); *Moore v. Richmond Hill Sav. Bank*, 117 A.D.2d 27, 29, 502 N.Y.S.2d 202, 204 (2d Dep't 1986) (calling the action a "common-law contract claim for money had and received); *Palestine Monetary Authority v. Strachman*, 837 N.Y.S.2d 828, 840 (N.Y. Sup. Ct. N.Y. County 2007) ("Although an action for money had and received is one at law, it is recognized as an action in implied contract").

"fundamental fairness" dictates that, while Coastal chooses "how to frame the action procedurally," Coastal nevertheless "still gets one bite at the apple for substantive commercial paper claims." *Whalen v. Chase Manhattan Bank, N.A.*, 99-cv-11161, 2000 WL 1801839 at *3 (S.D.N.Y. 2000) (finding that the availability of a contract remedy does not preclude a defendant bank's ratification defense). Otherwise, plaintiffs such as Coastal could not just forum shop, but seek relief from the law of two separate jurisdictions for the exact same conduct, artfully pleading both a New Jersey conversion claim and a New York breach of contract action. Thus, courts have adopted the sensible position that "[t]he distinction between actions in contract versus actions in tort is relevant only to the issue of whether [a plaintiff's] claims are time-barred." *Id.*

Here, it is undisputed that the checks at-issue were deposited at a New Jersey branch of Wachovia. Therefore, New Jersey law controls whether Wachovia has liability for any "action or non-action" (including any alleged contractual breaches) arising from its conduct. N.Y. U.C.C. § 4-102(2). As noted in Wachovia's opening brief, New Jersey does not recognize the kind of implicit contact that Coastal alleges. Def. Br. at 7-8. Coastal cites no authority to the contrary. And, to the extent Coastal alleges a New Jersey money had and received action, such a claim is barred by the same three-year statue of limitations governing Coastal's conversion claims. *See* N.J.S.A. § 12A:3-118(g).

Even if, for some reason, N.Y. U.C.C. § 4-102(2) did not apply, New Jersey law would still govern this dispute, applying Coastal's suggested five-factor test. *See* Opp. Br. at 5 (listing "the place of contracting, negotiation, performance, the location of the subject matter of the contract, and the domicile of the contracting parties" as the choice-of-law factors). First, the implied contact that Coastal sues upon depends on a theory that a bank which "cashes a check on

a forged endorsement . . . . holds the proceeds of the collection" for the rightful payee, creating "privity" between it and the check's rightful owner. *Hechter v. New York Life Ins. Co*, 46 N.Y.2d 34, 37, 385 N.E.2d 551, 553 (N.Y. 1978). Therefore, the "place of contracting," the "negotiation," the "performance," and the "subject matter of the contract" would be where Wachovia allegedly *cashed* the checks and *held* the proceeds -- at a New Jersey bank, and in a New Jersey bank account. Thus, any contract breached would be one formed in New Jersey, requiring the application of New Jersey law. But, as noted above, New Jersey simply does not recognize this kind of contract to begin with.

## CONCLUSION

For the forgoing reasons, and those set forth in Wachovia's initial moving papers, Wachovia respectfully requests that the Verified Complaint be dismissed in its entirety.

Dated: New York, New York
      November 1, 2007

                                    Respectfully Submitted,

                                    HUNTON & WILLIAMS LLP

                                    By: _____
                                        Joseph J. Saltarelli
                                        Jacob F.M. Oslick
                                        200 Park Avenue
                                        New York, New York  10166
                                        (212) 309-1000

                                    Attorneys for Wachovia Bank, N.A.

## DECLARATION OF SERVICE

Bradford C. Mulder, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

I am the Managing Clerk for the law firm of Hunton & Williams LLP, attorneys for Wachovia Bank, N.A.

That on November 1, 2007, I served a true copy of the attached Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss the Complaint, on Plaintiff's counsel via the Court's ECF System and via First Class Mail, to the address listed below, by depositing the same in a duly enclosed and sealed wrapper, with the correct postage thereon, in an official letter box duly maintained by the Government of the United States of America within the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 1, 2007.

Bradford C. Mulder

TO:   Steven R. Montgomery, Esq.
      SULLIVAN GARDNER P.C.
      475 Park Avenue South, 33rd Floor
      New York, New York 10016