USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x

COASTAL SHEET METAL CORP.,

Plaintiff,

-against-

WACHOVIA BANK, N.A.,

Defendant.

-----------------------------------x

07 Civ. 6898 (LAP)

ORDER

LORETTA A. PRESKA, U.S.D.J.:

Plaintiff Coastal Sheet Metal Corp. ("Coastal") brings this action against Defendant Wachovia Bank, N.A. ("Wachovia") for breach of contract.[1] Defendants move to dismiss the Complaint. For the following reasons, Wachovia's motion is granted.

BACKGROUND

Between February 2001 and December 2002, 25 checks were deposited into an account under the name "Coastal Sun Metal."[2]

---

[1] Plaintiff has withdrawn a conversion claim. See Plaintiff's Memorandum of Law In Opposition to Defendant's Motion to Dismiss ("Pl.'s Mem.") at 9.

[2] The Complaint lists the number of checks as twenty-seven, totaling $336,664.04. (Compl. ¶ 3.) Wachovia, however, has produced the bank account records, which indicate that the number was actually twenty-five, and the total amount deposited was $336,664.50. (See Affidavit of Timothy O. Merck in Support of Defendant's Motion to Dismiss the Complaint ("Merck Aff."), dated September 21, 2007, Ex. A.) The Court may consider any
*(continued on next page)*

The account was opened with First Union National Bank, which was acquired by Wachovia in June 1, 2001. Coastal alleges that the checks were stolen by one of its employees, Harry Vassallo, and wrongfully deposited into the Coastal Sun Metals account without its authorization. (Compl. ¶ 3.)

Eight of the 25 checks were deposited before June 1, 2001. (Merck Aff., Ex. A.) Of the remaining seventeen deposits, 11 have documentation on their face indicating that they were deposited at Wachovia Branch #95743, located in Dumont, New Jersey. (Merck Aff., Ex. C, E.) According to the bank's electronic journals, the remaining six checks were also deposited in New Jersey. (Merck Aff., Exs. F, G.) Plaintiff does not dispute this. (See generally Pl.'s Mem.) By April 7, 2003, all funds in the Coastal Sun Metals account had been withdrawn. Plaintiff alleges that the account was "unquestionably set up solely for the purpose of stealing checks submitted by Coastal's vendors." (Pl.'s Mem. at 4.)

---

*(continued from previous page)*
documents that are "referenced in" the pleadings. See, e.g., Miller v. Lazard Ltd., 473 F. Supp. 2d 571, 575 (S.D.N.Y. 2007). The differences are immaterial to the Court's ultimate conclusion, however.

DISCUSSION

Plaintiff claims, using a choice-of-law analysis, that New York's six-year statute of limitations for claims for breach of implied contract is the relevant statute. (See Pl.'s Mem. at 4-9) (citing Hechter v. New York Life Ins. Co., 46 N.Y.2d 34 (1978). However, New York applies the law of the place where the bank is located in determining the liability of a bank for "action or non-action with respect to any item handled by it for purposes of presentment, payment or collection." N.Y. U.C.C. § 4-102(2); see No. 03 Civ. 7778, Zurich American Ins. Co. v. Dah Sing Bank, Ltd., 2004 WL 1328215, at *6 (S.D.N.Y. June 15, 2004) ("As adopted in New York, UCC § 4-102(2) determines which forum's law governs the dispute" about bank liability).

New Jersey law provides that "[u]nless governed by other law regarding claims for indemnity or contribution, an action for conversion of an instrument, for money had and received, or like action based on conversion . . . must be commenced within three years after the cause of action accrued." N.J.S.A. § 12A:3-118(g). The facts alleged in the Complaint amount to a claim for conversion or a "like action" triggering the three-year statute of limitations. Because a conversion claim accrues at the time of conversion, see New Jersey Lawyers' Fund for Client Protection v. Pace, 186 N.J. 123, 124-126 (N.J. 2006), this action is barred by the relevant statute of limitations.

The Complaint does not allege that a contract existed between Coastal and Wachovia, nor does it allege that Wachovia breached any contractual obligation. Furthermore, despite the fact that Defendant has argued from the outset that New Jersey provides the applicable law, Plaintiff's brief cites no authority for the proposition that New Jersey law recognizes a cause of action for an implied breach of contract in these circumstances. Accordingly, such a claim is deemed abandoned. See No. 03 Civ. 6913, American Tissue, Inc. v. DLJ Merchant Banking Partners II, L.P. et al., 2006 WL 1084392, at *6 (S.D.N.Y. Apr. 20, 2006) (collecting cases for the proposition that the failure to address claims justifies dismissal).

CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss (dkt. no. 8) is granted. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED:

Dated: New York, New York
May 9, 2008

Loretta A. Preska

LORETTA A. PRESKA, U.S.D.J.